■ LANCE G. RUCKER et al., Appellants, v. CLAY ANDRESS et al., Defendants, and GORDON L. HUMMEL et al., Respondents. (Appeal No. 1.) — Appeal unanimously dismissed as academic. (See *Matter of Saxton* v. *Hose,* 9 A D 2d 778; *Graffeo* v. *Graffeo,* 7 A D 2d 741; 10 Carmody-Wait 2d, New York Practice, § 70:80). (Appeal from order of Erie Special Term granting motion for summary judgment.) Present — Del Vecchio, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.

■ LANCE G. RUCKER et al., Appellants, v. CLAY ANDRESS et al., Defendants, and GORDON L. HUMMEL et al., Respondents. (Appeal No. 2.) — Order unanimously reversed, with costs, and motion for summary judgment denied, with costs. Memorandum: Plaintiffs appeal from a Special Term order granting summary judgment dismissing their complaint against respondents in an action to recover damages for injuries sustained by plaintiff Lance G. Rucker (plaintiff) in rescuing defendant Tesch from a position of imminent peril in which he had been placed by respondents' negligence. Recovery may be had under the doctrine of danger invites rescue when " one party by culpable act has placed another person in a position of imminent peril which invites a third person, the rescuing plaintiff, to come to his aid ". (*Provenzo* v. *Sam,* 23 N Y 2d 256, 260.) It appears from depositions of plaintiff and defendant Tesch that on the morning of December 5, 1968, defendant Tesch was trapped in a cab-over-engine vehicle which he had been operating when it was struck by a tractor-trailer owned by respondent Butler Trucking Company and operated by respondent Hummel. The windshield and windows of the Tesch vehicle were all knocked out. The driver's door was crumpled. The steering column and wheel were pushed back into Tesch's abdomen. He could not move. His hip was dislocated. His knee was battered and he was bleeding. He was partially paralyzed and

in severe pain. The temperature was below zero and he was exposed to a strong wind. When plaintiff came upon the scene of the collision about 15 minutes after it occurred, he stopped to see how bad it was and if he could help. He observed Tesch who was pinned in the cab, helpless, covered with blood, lightly clothed, freezing cold, covered with snow, shaking violently, moaning and crying in agony. Plaintiff assisted in holding plastic tarpaulins supplied by a Deputy Sheriff over the broken windshield and windows of the cab to protect Tesch from the wind and snow. Within 20 to 30 minutes thereafter an ambulance arrived which was operated by two women. While assisting the Sheriff's officer and others in removing Tesch from the cab of the truck, plaintiff moved backwards, holding Tesch over his head, and he slipped on the sloping shoulder of the road injuring his back. In our opinion the evidence sufficiently raised issues of whether Hummel was negligent and whether his negligence placed defendant Tesch in a position of imminent peril which invited plaintiff to come to Tesch's aid. Whether Tesch's position of peril "was due to the defendant's negligence, and whether plaintiff in going to the rescue, as he did, was foolhardy or reasonable in the light of the emergency confronting him, were questions for the jury." (*Wagner v. International Ry. Co.*, 232 N. Y. 176, 182). (Appeal from order of Erie Special Term granting after reargument, motion for summary judgment.) Present — Del Vecchio, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.